| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY, COLORADO<br><br>1100 Judicial Center Drive<br>Brighton, CO  80601 | DATE FILED: November 6, 2014 5:35 PM<br>FILING ID: 5570187E7BE36<br>CASE NUMBER: 2014CV31814 |
| **Plaintiff:**<br><br>LORRAINE ALARID<br><br>v.<br><br>**Defendants:**<br><br>MACLEAN POWER, LLC d/b/a FORESIGHT PRODUCTS, a Delaware corporation;<br>EDWINA HURTADO, individually; and<br>JOSE ALVARADO, individually. | ▲ **COURT USE ONLY** ▲ |
| **Attorneys for Plaintiff :**<br><br>Whitney C. Traylor, #28102<br>Craig T. Truitt, #43903<br>Traylor Law Group, LLC<br>1721 High Street<br>Denver, CO 80218<br>Telephone: 303-321-1862<br>Fax: 303-837-1214<br>Email: wtraylor@traylorlawgroup.com | Case Number: 2014CV31814 |

**AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff Lorraine Alarid ("Plaintiff" or "Alarid"), by and through her attorneys, the Traylor Law Group, LLC, hereby submits this Amended Complaint and Jury Demand ("Complaint") against Defendants MacLean Power, LLC, Edwina Hurtado, and Jose Alvarado, and in support thereof states the following:

1

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff is an individual resident of Colorado, residing in the City of Lakewood, State of Colorado.

2. Upon information and belief, Defendant MacLean Power, LLC d/b/a Foresight Products ("Foresight") is a Delaware corporation, with its principal place of business located at 1000 Allanson Rd., Mundelein, IL 60060.

3. Upon information and belief, Defendant Edwina Hurtado is an individual resident of Colorado, residing in Adams County with an address of 9260 Knox Ct., Westminster, Colorado 80031.

4. Upon information and belief, Defendant Jose Alvarado is an individual resident of Colorado, residing in Arapahoe County.

5. Venue is proper in the District Court of Adams County pursuant to Colo. R. Civ. P. 98(c).

6. At all times relevant to this action, Defendant Foresight was an "employer" within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII").

7. At all times relevant to this action, Plaintiff was an "employee" of Foresight within the meaning of Title VII.

8. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). The EEOC mailed Plaintiff a Notice of Right to Sue on October 30, 2014. All jurisdictional prerequisites for Plaintiff's claims have been satisfied.

## FACTUAL ALLEGATIONS

9. Plaintiff hereby incorporates by reference all Paragraphs of this Complaint as if fully set forth herein.

10. In or around June 1998, Ms. Alarid began working for Foresight as an assembly and packaging worker. For over fifteen years, Ms. Alarid was a dedicated employee with an excellent performance record.

11. In or around 2009, Foresight hired Mr. Alvarado.

12. During 2010 and 2011, Ms. Alarid and Mr. Alvarado casually dated. Ms. Alarid ended her relationship with Mr. Alvarado in or around March of 2011.

13. After Ms. Alarid ended the relationship, Mr. Alvarado began threatening to expose their relationship to management. To put an end to his threats, and because she had done nothing inappropriate at work, Ms. Alarid informed her supervisor, Gary Dockins, that she had been in a relationship with Mr. Alvarado and that she had ended it, causing him to threaten her at work.

14. Mr. Dockins did nothing to address Mr. Alvarado's behavior at that time.

15. Thereafter, Mr. Alvarado began sexually harassing Ms. Alarid at work on a regular basis. His harassment included, among other things, throwing things around Ms. Alarid, making lewd comments and suggestions about her to other employees, accusing her of sleeping with other men, calling her names such as "bitch" and "ho," and sending her numerous unwanted text messages and voicemails.

16. Ms. Alarid reported this sexual harassment to management on many occasions, both verbally and in writing, but ultimately nothing was done to stop Mr. Alvarado's behavior. The harassment continued for over two years.

17. Several employees witnessed Mr. Alvarado's harassment and were aware that Ms. Alarid was very fearful of him.

18. In or around February 2012, Foresight management finally addressed Mr. Alvarado's harassment by having both Mr. Alvarado and Ms. Alarid sign a statement declaring that they would stop speaking to each other and have no contact while at work.

19. Even after signing the statement, Mr. Alvarado continued to torment Ms. Alarid. He continued sexually harassing her by, among other things, sending pictures of his penis to Ms. Alarid's cell phone while the two were at work.

20. Ms. Alarid showed the explicit photograph of Mr. Alvarado's penis to management and asked that they protect her from Mr. Alvarado, but nothing was done.

21. On or around May 22, 2013, Mr. Alvarado approached Ms. Alarid at work over 20 times, repeatedly asking her why she would not give him another chance. Several of Ms. Alarid's co-workers witnessed this behavior. Ms. Alarid complained to her supervisors about this incident verbally and in writing.

22. In or around July 2013, Mr. Alvarado threatened Ms. Alarid with bodily harm and informed her that he had a gun. He told Ms. Alarid that he would "take care of [her] one way or the other."

23. Prior to that incident, Mr. Alvarado had instigated other confrontations with his co-workers at Foresight, including threatening to fight other employees. Mr. Alvarado also had a habit of coming to work intoxicated. Management was aware of Mr. Alvarado's temper and his verbal altercations with other employees.

24. Because Foresight's management failed to protect Ms. Alarid, she eventually sought and received a temporary restraining order against Mr. Alvarado on around July 25, 2013, in Adams County Court. The restraining order was made permanent on or around August 5, 2013, in Case No. C0012013C 001398.

25. Mr. Alvarado was terminated by Foresight two days later, allegedly for poor attendance.

26. During the hearing for the permanent restraining order, Ms. Alarid called Ms. Hurtado as a witness to testify regarding Mr. Alvarado's behavior at work. However, Ms. Hurtado lied under oath to protect Mr. Alvarado.

27. Following that hearing, Ms. Hurtado began targeting Ms. Alarid at work. For example, she would throw Ms. Alarid's work on the floor and force her to clean it up, and she made frequent rude comments to Ms. Alarid.

28. Ms. Alarid complained to her supervisors about Ms. Hurtado's behavior, but nothing was done to address the situation.

29. On or around October 1, 2013, Ms. Alarid was in the break room with a co-worker, Virginia Deleon, when Ms. Hurtado entered the room and began yelling at Ms. Alarid and Ms. Deleon. Unprovoked, Ms. Hurtado said, "You bitches still talking shit?"

30. Upon information and belief, Ms. Hurtado was referring to an argument that had occurred between Ms. Hurtado and Ms. Deleon earlier that day. During that argument, Ms. Hurtado became very angry with Ms. Deleon and threatened to fight her.

31. Ms. Alarid tried to tell Ms. Hurtado that she and Ms. Deleon were not talking about her when Ms. Hurtado suddenly began punching Ms. Alarid in the face and head and pulling her hair. Ms. Alarid responded by attempting to cover her face with her arms.

32. Eventually, two of Ms. Alarid's co-workers were able to pull Ms. Hurtado away from her.

33. As a result of the attack, Ms. Alarid sustained a bloody nose, bruising on her face and a knot on her forehead, and pieces of her hair were ripped out.

34. After the incident, an officer from the Commerce City Police Department was dispatched to Foresight. When the officer arrived, he noted that there was blood and chunks of Ms. Alarid's hair on the floor.

35. Ms. Hurtado was issued a Summons and Complaint that day for assault. She later pled guilty to disorderly conduct. Foresight terminated Ms. Hurtado that day.

36. Prior to the attack, Ms. Hurtado had exhibited increasingly aggressive behavior towards employees at the shop. Multiple employees noticed this behavior and complained about it to management.

37. Two days after the assault, Ms. Alarid was terminated by Foresight, allegedly for violating the company's workplace violence policy.

**FIRST CLAIM FOR RELIEF**
**(Intentional Infliction of Emotional Distress against Defendant Alvarado)**

38. Plaintiff hereby incorporates by reference all Paragraphs of this Complaint as if fully set forth herein.

39. Mr. Alvarado engaged in extreme and outrageous conduct towards Plaintiff.

40. Mr. Alvarado engaged in such conduct recklessly or with the intent of causing Plaintiff severe emotional distress.

41. Mr. Alvarado's conduct caused Plaintiff severe emotional distress.

## SECOND CLAIM FOR RELIEF
### (Invasion of Privacy by Intrusion against Defendant Alvarado)

42. Plaintiff hereby incorporates by reference all Paragraphs of this Complaint as if fully set forth herein.

43. Mr. Alvarado intentionally invaded Plaintiff's privacy by, among other things, constantly harassing her at work, consistently calling her and sending her text messages, sending her explicit pictures of himself, making unwelcome sexual advances toward her, making inappropriate sexual contact with her, calling her offensive names, and threatening her with bodily harm.

44. Mr. Alvarado's invasion was offensive and objective to a reasonable person.

45. Plaintiff suffered damages which were caused by Mr. Alvarado's conduct.

## THIRD CLAIM FOR RELIEF
### (Battery against Defendant Hurtado)

46. Plaintiff hereby incorporates by reference all Paragraphs of this Complaint as if fully set forth herein.

47. Ms. Hurtado's actions resulted in physical contact with Plaintiff.

48. Ms. Hurtado intended to make harmful or offensive physical contact with Plaintiff or knew that she would probably make such contact.

49. Ms. Hurtado's physical contact with Plaintiff was harmful or offensive.

50. Plaintiff suffered physical and emotional damages as a result of Ms. Hurtado's contact.

## FOURTH CLAIM FOR RELIEF
### (Negligent Supervision against Defendant Foresight)

51. Plaintiff hereby incorporates by reference all Paragraphs of this Complaint as if fully set forth herein.

52. Foresight had notice of Mr. Alvarado's harassment of Plaintiff during 2011, 2012, and 2013.

53. Foresight knew or should have known that Mr. Alvarado's conduct or employment would subject third parties to an unreasonable risk of harm.

54. Foresight improperly supervised Mr. Alvarado.

55. Plaintiff suffered damages as a result of Foresight's failure to properly supervise Mr. Alvarado.

56. Foresight had notice of Ms. Hurtado's harassing and aggressive behavior, as well as her propensity for violence.

57. Foresight knew or should have known that Ms. Hurtado's conduct or employment would subject third parties to an unreasonable risk of harm.

58. Foresight improperly supervised Ms. Hurtado.

59. Plaintiff suffered damages as a result of Foresight's failure to properly supervise Ms. Hurtado.

## FIFTH CLAIM FOR RELIEF
### (Negligent Retention against Defendant Foresight)

60. Plaintiff hereby incorporates by reference all Paragraphs of this Complaint as if fully set forth herein.

61. Foresight knew or should have known that Mr. Alvarado was dangerous or unfit for employment.

62. Foresight retained Mr. Alvarado despite its knowledge of the risk he posed to third parties.

63. Plaintiff suffered damages as a result of Foresight's retention of Mr. Alvarado.

64. Foresight knew or should have known that Ms. Hurtado was dangerous or unfit for employment.

65. Foresight retained Ms. Hurtado despite its knowledge of the risk she posed to third parties.

66. Plaintiff suffered damages as a result of Foresight's retention of Ms. Hurtado.

### SIXTH CLAIM FOR RELIEF
**(Sexual Harassment in Violation of Title VII against Defendant Foresight)**

67. Plaintiff hereby incorporates by reference all Paragraphs of this Complaint as if fully set forth herein.

68. Plaintiff was subjected to unwelcome sexual harassment by Mr. Alvarado in the workplace.

69. Mr. Alvarado's conduct was sexual in nature or based on Plaintiff's sex.

70. Mr. Alvarado's conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find the Plaintiff's work environment to be hostile or abusive.

71. At the time Mr. Alvarado's conduct occurred and as a result of such conduct, Plaintiff believed her work environment to be hostile or abusive.

72. Foresight was knew or should have known of Mr. Alvarado's conduct and failed to take prompt, remedial action to stop his conduct.

73. Foresight acted with malice or with reckless indifference when it failed to take corrective action to address Plaintiff's hostile work environment.

## SEVENTH CLAIM FOR RELIEF
### (Retaliation in Violation of Title VII against Defendant Foresight)

74. Plaintiff hereby incorporates by reference all Paragraphs of this Complaint as if fully set forth herein.

75. Plaintiff engaged in activity protected by Title VII on multiple occasions. Specifically, she complained to Foresight's managers about Mr. Alvarado's sexual harassment on numerous occasions in 2011, 2012, and 2013.

76. Foresight failed to follow its own policies regarding sexual harassment, allowing Plaintiff to be subjected to further harassment by Mr. Alvarado.

77. Foresight terminated Plaintiff because of her protected activities.

78. Plaintiff has suffered, and continues to suffer, damages as a result of Foresight's retaliatory conduct.

79. Foresight's conduct was engaged in with malice or with reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff respectfully prays for judgment in her favor and against Defendants as follows:

A. Enter judgment that the actions complained of herein are unlawful and violative of federal and Colorado state law as described above;

B. Compensate and make whole Plaintiff for all actual economic damages as established at trial, including, but not limited to, damages for physical injuries, wages and other benefits she would have received but for Defendants' wrongful actions, including but not limited to back pay, front pay, compensatory damages, and all other damages allowable by law;

C. Compensate and make whole Plaintiff for all future pecuniary losses including, but not limited to, loss of earning power, diminished reputation and front pay in lieu of promotion;

D. Compensate and make whole Plaintiff for damages for emotional distress, suffering, personal humiliation, inconvenience, loss of enjoyment of life, and other non-pecuniary losses;

E. Award Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees and expert witness fees;

F. Award Plaintiff punitive damages;

G. Award Plaintiff interest, pre- and post-judgment; and

H. Award Plaintiff such further relief as the Court deems just and proper.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

DATED this 6th day of November, 2014.

                                              **TRAYLOR LAW GROUP, LLC**

                                              s/Whitney C. Traylor
                                              Whitney C. Traylor
                                              Craig T. Truitt
                                              1721 High St.

           Denver, CO 80218
           Telephone: 303-321-1862
           Facsimile: 303-837-1214
           wtraylor@traylorlawgroup.com
           ctruitt@traylorlawgroup.com

           **ATTORNEYS FOR PLAINTIFF**

<u>Plaintiff's Address:</u>
1467 S. Pierce St.
Lakewood, CO 80232